IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-72,508-03 AND WR-72,508-04




EX PARTE DESMOND DENARD BROWN, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 34661-B AND 34659-B IN THE 124TH DISTRICT COURT
FROM GREGG COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and aggravated robbery and sentenced to 15 years’ imprisonment in each cause. The Sixth
Court of Appeals dismissed Applicant’s appeals for want of jurisdiction. See Brown v. State, Nos.
06-08-00186-CR and 06-08-00185-CR, Tex. App. — Texarkana, 2009, pet ref’d.) (not designated
for publication.)
            Applicant alleges inter alia that counsel was ineffective for advising him to plead guilty to
two offenses allegedly committed against the same complainant when the evidence only supported
his conviction for one of the offenses. Specifically, Applicant alleges that counsel advised him to
plead guilty to an aggravated robbery cause allegedly committed on May 3, 2006, and an aggravated
assault cause allegedly committed on May 21, 2006. Applicant alleges that if counsel had
investigated further, counsel would have discovered that Applicant was suspected of having
committed a single offense, which occurred on, May 3, 2006. Also, counsel would have discovered
that Applicant was solely suspected of committing that offense against complainant David Howard. 
Applicant alleges that he was prejudiced by counsel’s deficient performance because he was
convicted twice for the same offense in violation of the Double Jeopardy Clause of the United States
Constitution. Finally, Applicant alleges that counsel was ineffective for failing to investigate
whether self-defense was a viable defense to raise at trial. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to file a supplemental affidavit addressing the following: (1) whether
counsel’s pre-trial investigation showed that Applicant committed an aggravated robbery offense on
May 3, 2006, and an aggravated assault offense on May 21, 2006; (2) whether counsel’s pre-trial
investigation showed that Applicant committed offenses against complainants other than David
Howard; (3) whether counsel made a strategic decision to waive any errors in the charging
instruments and, if so, why; and, (4) whether there was evidence indicating that Applicant acted in
self-defense when he committed these offenses. The trial court shall also instruct the clerk to
supplement the record with a copy of the transcription of the court reporter’s notes from the plea
hearing. 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel’s pre-trial investigation
showed that Applicant committed an aggravated robbery offense on May 3, 2006, and an aggravated
assault offense on May 21, 2006. The trial court shall also make findings of fact as to whether
counsel’s pre-trial investigation showed that Applicant committed offenses against complainants
other than David Howard. The trial court shall also make findings of fact as to whether counsel
made a strategic decision to waive any errors in the charging instruments. The trial court shall also
make findings of fact as to whether there was evidence indicating that Applicant acted in self-defense
when he committed these offenses. The trial court shall also make findings of fact as to whether
Applicant has been convicted twice for the same offense in violation of the Double Jeopardy Clause
of the United States Constitution. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claims
for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: January 27, 2010
Do not publish